Marilyn WILSON; Marilyn Wilson, as Guardian of Lori Dee Wilson, a minor, Plaintiffs,

v.

UNITED STATES of America, Defendant-third-party-plaintiff-Appellee,

v.

Blanche Kallstrom, Third-party-defendant-Appellant.

No. 98–35362.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 5, 1999

Filed Sept. 14, 1999

Before: PROCTER HUG, JR., Chief Judge, STEPHEN S. TROTT, and A. WALLACE TASHIMA, Circuit Judges.

## ORDER

PROCTER HUG, JR., Chief Judge, presiding

### I.

We hereby certify to the Supreme Court of Alaska that there is involved in this case a question of Alaska law which may be determinative of the cause and as to which there is no controlling precedent in the decisions of the Alaska Supreme Court. Pursuant to Rule 407(a) of the Alaska Rules of Appellate Procedure,[1] therefore, we respectfully request the Alaska Supreme Court to answer the following question of Alaska law:

---

Whether a plaintiff, who has not suffered physical injury, may recover damages for the negligent infliction of emotional distress when the plaintiff, without any negligence on her part, becomes the unwitting instrument through which the defendant, because of its negligence, causes injury to an innocent victim.

We do not intend, by our phrasing of the question, to restrict the Alaska Supreme Court's consideration of this request. We acknowledge that, in its discretion, the Alaska Supreme Court may reformulate the question.

### II.

This is an action brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–80, in which Blanche Kallstrom ("Kallstrom") seeks to recover on her counterclaim against the United States (the "government") for the negligent infliction of emotional distress ("NIED"), resulting from her unwitting participation in a child's accidental ingestion of caustic lye on government property. The FTCA provides that the government "shall be liable [for] tort claims, in the same manner and to the same extent as a private individual under like circumstances...." 28 U.S.C. § 2674. The FTCA further provides that the government is liable "if a private person would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). *See Richards v. United States*, 369 U.S. 1, 11, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962) (holding that FTCA actions are governed by the law of the state where the act or omission occurred). Since the actions at issue in this case took place in Alaska, Alaska law controls the liability of the government.

---

1. Rule 407(a) provides:
   The supreme court may answer questions of law certified to it by the Supreme Court of the United States, a court of appeals of the United States, a United States district court, a United States bankruptcy court or United States bankruptcy appellate panel, when requested by the certifying court if there are involved in any proceeding before it questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the supreme court of this state.

## III.

On November 27, 1993, Kallstrom and other members of the public attended a social function and dance at Jake's Place, an alcohol abuse transitional care facility operated by the Bristol Bay Health Corporation in Dillingham, Alaska. Bristol Bay operated the facility under contract with the Indian Health Service of the U.S. Public Health Service. Among the attendees was nine-year old Lori Dee Wilson ("Lori Dee"). The lights at the facility had been dimmed for the dance. Non-alcoholic beverages were available in the kitchen adjacent to the dancing area. Kallstrom went to the kitchen to get Lori Dee a drink. Kallstrom poured a drink from a pitcher sitting on the counter which she believed to be fruit juice and gave it to Lori Dee. In fact, the pitcher contained a lye-based caustic detergent that caused severe, permanent internal injuries to Lori Dee upon ingestion. As a result of her mistake, Kallstrom sustained severe shock and emotional distress. She has continued to suffer severe emotional distress in the months following the tragic incident.

Marilyn Wilson, Lori Dee's mother, on her own behalf and as guardian of Lori Dee, filed a complaint against the government for negligence. Kallstrom was not named as a defendant, but the government brought a third-party complaint against her for negligence, seeking an allocation of fault. Kallstrom then filed a counterclaim against the government for her injuries assertedly caused by the government's negligence.

The district court granted summary judgment in favor of Wilson and against the government, concluding that by allowing an employee or resident of the facility to place the caustic lye in the pitcher and leave it near the sink, the government was negligent as a matter of law. Wilson then settled with the government and her claims were dismissed. The government dismissed its third-party complaint against Kallstrom for an allocation of fault. This left only Kallstrom's counterclaim against the government.

Kallstrom next moved for partial summary judgment against the government on her claim and the government moved to dismiss Kallstrom's counterclaim for failure to state a claim for relief for NIED under Alaska law. The district court granted the government's motion to dismiss and denied Kallstrom's motion for partial summary judgment. Reconsideration was denied. Kallstrom timely appeals.

On appeal, Kallstrom contends that the conduct of those for whom the government is legally responsible has negligently inflicted emotional distress upon her, and that she should be permitted to recover damages under Alaska negligence law.

## IV.

The parties disagree regarding whether Alaska law allows a claim for NIED where the negligence of the defendant causes a plaintiff to become an active participant in causing injury to a third party. Generally, Alaska law does not permit damages to be awarded for NIED without physical injury. *See Hancock v. Northcutt,* 808 P.2d 251, 257 (Alaska 1991). However, there are two exceptions to this rule.

The first exception is for persons characterized as "bystanders," and was recognized in *Tommy's Elbow Room, Inc. v. Kavorkian,* 727 P.2d 1038 (Alaska 1986). In *Kavorkian,* the Alaska Supreme Court recognized a bystander's right to recover damages for NIED caused by injury to another. *Id.* at 1041. The Alaska Supreme Court adopted the guidelines set out in *Dillon v. Legg,* 68 Cal.2d 728, 69 Cal.Rptr. 72, 441 P.2d 912, 920 (1968), for determining whether the risk of harm to the plaintiff was reasonably foreseeable to the defendant, thus creating a duty of due care. These guidelines are:

(1) Whether plaintiff was located near the scene of the accident as contrasted with one who was a distance away from it. (2) Whether the shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous

observance of the accident, as contrasted with learning of the accident from others after it occurrence. (3) Whether plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship.

*Kavorkian,* 727 P.2d at 1041 (quoting *Dillon,* 69 Cal.Rptr. 72, 441 P.2d at 920).

■ The bystander exception does not apply to Kallstrom because she is not "closely related" to Lori Dee. A blood relationship between plaintiff and victim has been required by every Alaska court that has applied the bystander theory. *See,* e.g., *M.A. v. United States,* 951 P.2d 851, 852 (Alaska 1998) (parents sued for NIED stemming from failure to timely diagnose child's pregnancy); *Beck v. State,* 837 P.2d 105, 110 (Alaska 1992) (plaintiff suing for NIED was decedent's mother); *Croft v. Wicker,* 737 P.2d 789, 791 (Alaska 1987) (parents sued for NIED caused by molestation of daughter); *Kavorkian,* 727 P.2d at 1043 (father sued for NIED caused by observing gradual death of daughter). Kallstrom was not related to Lori Dee. She was just a friend whom Kallstrom would see every two or three months. Kallstrom does not meet the close relationship qualification.

The second exception is where the defendant owes the plaintiff a preexisting duty, as recognized in *Chizmar v. Mackie,* 896 P.2d 196, 203 (Alaska 1995). Under the preexisting duty of care theory, before a defendant can be held liable for negligence, it must owe a duty of care to the plaintiff. *See Bolieu v. Sisters of Providence in Wash.,* 953 P.2d 1233, 1235 (Alaska 1998); *Chizmar,* 896 P.2d at 203. Whenever a defendant stands in a contractual or fiduciary relationship with the plaintiff and the nature of this relationship imposes on the defendant a duty to refrain from conduct that would foreseeably result in emotional harm to the plaintiff, the plaintiff need not establish a physical injury in order to recover for NIED. *See id.*

■ In the absence of any other source of a duty of care—imposed, for example, by statute, contract, or a legal doctrine— Alaska courts consider seven factors in deciding whether a duty of care exists:

The foreseeability of harm to the plaintiff, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, the policy of preventing future harm, the extent of the burden to the defendant and consequences to the community of imposing a duty to exercise care with resulting liability for breach, and the availability, cost, and prevalence of insurance for the risk involved.

*D.S.W. v. Fairbanks N. Star Borough Sch. Dist.,* 628 P.2d 554, 555 (Alaska 1981). Alaska courts weigh these "*D.S.W.* factors" to determine whether a duty of care exists, and treat the legal relationship between individuals as the focus for the duty question in analyzing the factors. *See Bolieu,* 953 P.2d at 1235.

■ Recently, the Alaska Supreme Court offered further guidance to determine whether a preexisting duty exists. In *M.A,* 951 P.2d at 854, the Court held that the existence of a duty turns not on the particularized facts of a given case, but rather on the basic nature of the relationship between the parties to the cause of action. The preexisting duty exemption does not apply to Kallstrom either, since the relationship between her and the government was neither contractual nor fiduciary.

The district court concluded that Kallstrom could not claim damages for NIED from the government because she did not suffer physical injury and did not qualify for either exception. The facts of Kallstrom's case, however, do not fit neatly within the NIED doctrine, as it has been developed to date by the Alaska Supreme Court. This case differs from the usual bystander case because the negligence of the government caused Kallstrom to be an active participant—not merely a bystander—in causing injury to Lori Dee. Here,

Kallstrom suffered her emotional injury as a direct result of the government causing her, through its negligence, to injure another. This case also differs from the normal preexisting duty case because, even though the government had no preexisting duty to Kallstrom, it was through its negligence in leaving out the caustic lye that Kallstrom injured Lori Dee and thus suffered severe emotional distress.

We have found no Alaska case law that resolves this question of whether a plaintiff who suffers no physical injury may recover damages for NIED when, through the negligence of a defendant, the plaintiff unwittingly becomes the instrument that causes injury to an innocent victim. A declaration by the Alaska Supreme Court on this question would likely resolve the state law question that would be determinative of the parties' dispute.

**IT IS SO ORDERED.**

Respectfully submitted,