Marilyn WILSON; Marilyn Wilson, as Guardian of Lori Dee Wilson, a minor, Plaintiffs,

v.

UNITED STATES of America, Defendant–Third–Party– Plaintiff–Appellee,

v.

Blanche Kallstrom, Third–Party– Defendant–Appellant.

No. 98–35362.

D.C. No. CV–94–488–HRH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 5, 1999.

Order Certifying Question Filed Sept. 14, 1999.

Submission Vacated June 28, 2000.

Resubmitted for Decision June 3, 2002.

Decided June 6, 2002.

Before HUG, TROTT, and TASHIMA, Circuit Judges.

### ORDER *

Blanche Kallstrom would have a viable claim against the United States under the Federal Tort Claims Act ("FTCA") only if Alaska law recognizes that a person who inflicts injury on another as an "unwitting

---

instrument" of a negligent party has a claim against that negligent party for the negligent infliction of emotional distress ("NIED"). *See Wilson v. United States,* 190 F.3d 959 (9th Cir.1999). Because Alaska law did not provide an answer to this question, we certified it to the Alaska Supreme Court. *Id.*

That court has now held, in response to the certified question:

> We hold that a claim of NIED in the absence of physical injury is not available to a plaintiff solely because she or he is made the unwitting instrument of death or serious injury to another through the negligence of the defendant.

*Kallstrom v. United States,* 43 P.3d 162 (Alaska 2002). Whether Kallstrom has a viable claim under the FTCA is governed by Alaska law. *See Wilson,* 190 F.3d at 960. Because the Alaska Supreme Court has now determined that an "unwitting instrument" plaintiff has no claim for NIED, the district court's order dismissing her claim is

**AFFIRMED.**

---

* Jo Anne Barnhart is substituted for her predecessor as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.