**UNITED STATES of America,
Plaintiff,**

v.

**CNA FINANCIAL CORPORATION and
the Continental Casualty Co. d/b/a the
Continental Insurance Co., Defendants.**

**No. A98–285 CV (JWS).**

United States District Court,
D. Alaska.

June 28, 2002.

Ken Roosa, U.S. Attorney, Anchorage, AK, for Plaintiff.

John A. Treptow, Anchorage, AK, for Defendants.

## ORDER FROM CHAMBERS

SEDWICK, District Judge.

### I. MOTIONS PRESENTED

At docket 73, defendants CNA Financial Corporation and The Continental Casualty Company ("Continental") move for partial summary judgment on the issue of damages. Plaintiff United States of America ("government" or "United States") opposes the motion and cross-moves for partial summary judgment in its favor at docket 76. The issues have been fully briefed. Oral argument was heard on June 28, 2002.

### II. BACKGROUND

This case arises from an accident that took place on November 23, 1993, at a residential alcohol treatment facility commonly called Jake's Place, operated by the government's contractor, Bristol Bay Area Health Corporation ("BBHAC"). It concerns the government's efforts to secure the benefits of an insurance policy issued by Continental to BBHAC, policy number

HMA 9500648–5 ("HMA Policy").[1] More recently, the government has also argued that the dispute involves a second policy, policy number 93 CBP 06114933–94 ("CBP Policy").[2]

In September 2001, the court granted partial summary judgment to the government, holding that the United States was an implied insured under the HMA Policy, and that Continental had acted in bad faith in denying the government coverage.[3] Continental filed the motion at docket 73 seeking a determination that the $1,000,000 HMA policy limit caps the amount that the government may recover.[4] The government opposes the motion and cross-moves for summary judgment in its favor seeking to recover the amount it paid to settle the underlying tort action, *Wilson v. United States,*[5] which was $2.8 million plus costs, attorney fees, and interest.

The court incorporates the recitation of relevant facts in its order at docket 57. One update is appropriate: resolution in favor of the United States on the counterclaim by third-party defendant Blanche Kallstrom has been affirmed on appeal.[6] Undisputed facts, which Continental emphasizes in its briefing, include the following: the plaintiffs in *Wilson* did not make a settlement demand within the applicable policy limits. Rather, the plaintiffs in *Wilson* made a demand to settle for approximately $5.4 million ($4,660,000 for the damages sustained by Lori Wilson, and $804,402 for the damages sustained by

Lori's mother, Marilyn Wilson). The United States advised Continental of that demand and asked it to participate in the settlement process, a request Continental rejected. Eventually, the United States settled the Wilsons' claims for $2.8 million.

Continental seeks a ruling that its liability cannot exceed the HMA Policy limit of $1,000,000, plus Rule 82 attorney fees, because there was never a demand to settle within policy limits. The United States argues that, under Alaska law, it is entitled to recover the $2.8 million it paid plus interest and defense costs despite the absence of a demand within policy limits. The United States presents two grounds. First, the government argues that Continental is estopped to deny coverage under both the HMA and CBP policies, whose combined limits exceed the amount the government seeks to recover. Alternatively, the government argues that it is entitled to recover the full measure of its damages based on Continental's bad faith breach of the duty to defend.

### III. STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if there is no genuine dispute as to material facts and if the moving party is entitled to judgment as a matter of law. The moving party has the burden of showing that there is no genuine dispute as to material fact.[7] The

---

1. A copy of the HMA Policy was accompanied the initial complaint. (Doc. 1, Exh. 1)

2. A copy of the CBP Policy accompanied the government's motion for summary judgment. (Doc. 76, Exh. 1)

3. Order From Chambers (Doc. 61).

4. Motion for Partial Summary Judgment (Doc. 73). Continental concedes that the government may also recover attorney's fees. *See* Alaska R. Civ. P. 82; D. Ak. L.R. 54.3.

5. Case No. A94–488 CV (HRH).

6. *Wilson v. United States,* 37 Fed.Appx. 858, 2002 WL 1263932 (9th Cir. June 6, 2002) (implementing the decision in *Kallstrom v. United States,* 43 P.3d 162 (Alaska 2002), answering certified question of state law).

7. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

moving party need not present evidence; it need only point out the lack of any genuine dispute as to material fact.[8] Once the moving party has met this burden, the nonmoving party must set forth evidence of specific facts showing the existence of a genuine issue for trial.[9] All evidence presented by the non-movant must be believed for purposes of summary judgment, and all justifiable inferences must be drawn in favor of the non-movant.[10] However, the nonmoving party may not rest upon mere allegations or denials, but must show that there is sufficient evidence supporting the claimed factual dispute to require a fact-finder to resolve the parties' differing versions of the truth at trial.[11]

## IV. DISCUSSION

### A. Whether the Policy Limit Caps Plaintiff's Recovery.

The pivotal question here is whether Continental's bad faith failure to defend makes it liable for the full amount of the settlement paid by the United States to the plaintiffs in the *Wilson* case, despite the fact that a demand within policy limits was not made. There are several Alaska Supreme Court decisions cited and discussed by the parties. The court finds that one of them controls the outcome here.

In a recent decision, *Lloyd's & Institute of London Underwriting Cos. v. Fulton*[12] the Alaska court held an insurer liable for damages in excess of policy limits for breach of the duty of loyalty arising from its failure to promptly inform the insured when it discovered a possible violation by the insured of a navigation warranty in a maritime insurance policy. There the insured had confessed judgment for $450,000 and the policy limit was $300,000. The lower court found that the insurer had both breached the contract of insurance and committed a tort by violating the implied covenant of good faith and fair dealing. Following a lengthy and somewhat turgid discussion of issues arising in connection with the breach of the insurance contract, the Alaska supreme court affirmed the judgment of the superior court awarding the insured a full recovery not constrained by policy limits. Then, in a footnote, the court pointed out that it need not address the tort theory of recovery, because the insurer had not challenged the superior court's conclusions respecting either liability or the measure of damages on the tort theory.

Continental takes the position that because the footnote points out that the *Lloyd's* court is not addressing the proper measure of damages on the tort theory, it follows that the *Lloyd's* decision does not speak to the issue of concern here. Yet, the footnote really stands for the opposite proposition. The fact is that the Alaska court did affirm a judgment in excess of the policy limits based on a breach of the duty of loyalty without considering the tort theory. Here, the breach was of the duty to defend, a breach which this court found was committed in bad faith. That is a considerably more serious breach of an insurance contract than the breach in the *Lloyd's* case.[13]

**8.** *Id.* at 323–325, 106 S.Ct. 2548.

**9.** *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

**10.** *Id.* at 255, 106 S.Ct. 2505.

**11.** *Id.* at 248–49, 106 S.Ct. 2505.

**12.** 2 P.3d 1199 (Alaska 2000).

**13.** *See id.* at 1213 (Eastaugh, J. dissenting) (pointing out that duty to defend is a primary duty).

In this diversity case, the court is required to apply the law of Alaska. The holding in the *Lloyd's* case makes clear that a breach of the sort which occurred here exposes the insurer to damages in excess of policy limits. Continental's argument that its action did not actually cause harm to the United States in excess of the coverage which was denied (plus defense costs, of course) has some appeal. However, it runs counter to the public policy decisions made by the Alaska court in *Lloyd's*, and the holding in that case which binds this court.

## B. Whether the CBP Policy Also Provides Coverage.

In previous motion practice, the court ruled that the government is an implied insured under the HMA policy. The government now argues that coverage is also available under the CBP Policy. In light of the disposition of the motions based on this court's reading of the decision in the *Lloyd's* case, it is unnecessary to address the merits of this argument.

## V. CONCLUSION AND ORDER FOR A JOINT STATUS REPORT

For the reasons stated above, Continental's motion for partial summary judgment at docket 73 is **DENIED.** The government's cross-motion for partial summary judgment at docket 76 is **GRANTED.**

The only remaining claim is the government's claim for punitive damages, which was recently added in an amended complaint.[14] The parties are directed to confer and to advise the court in a joint status report what, if any, additional discovery or motion practice is required before the one remaining claim may be set for trial and what the prospects for settlement may be.

14. Doc. 71

Unless closing papers are sooner filed, the joint status report shall be filed not later than August 16, 2002.